## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ASHLAY PEOPLES**                                   **CIVIL ACTION**

**VERSUS**                                           **NO: 18-4494**

**JAMJOMAR XXIII, LLC**                              **SECTION: "H"(2)**

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendant Jamjomar XXIII, LLC ("Jamjomar") has failed to adequately allege diversity in its Notice of Removal. Accordingly, Defendant shall amend the Notice of Removal to correct this jurisdictional defect within 20 days of the entry of this Order or the case will be remanded for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Ashlay Peoples filed a Petition for Damages in state court on March 28, 2018 alleging that she slipped and fell at a McDonalds's store owned

and operated by Defendant Jamjomar.[1] Defendant Jamjomar filed a Notice of Removal in this Court on May 1, 2018, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. At the time of the Notice of Removal, the remaining, joined defendants were Jamjomar and International Insurance Company of Hannover SE. With regard to citizenship, the Notice of Removal alleges that Plaintiff is a citizen of Louisiana, that Defendant International Insurance Company of Hannover SE is a foreign company with its principal place of business in Germany, and that Defendant Jamjomar is a "Michigan Limited Liability Company with its principal place of business in Detroit, Michigan."[2]

## LAW AND ANALYSIS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[3] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[4] Cases arising under § 1332 require, *inter alia,* complete diversity of citizenship.[5] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[6] In this matter, the burden of proving complete diversity lies with Defendant Jamjomar.[7] To carry this burden,

---

[1] *See* Doc. 1-2.
[2] Doc. 1 at 3.
[3] Lane v. Halliburton*,* 529 F.3d 548,565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih*,* 369 F.3d 457,460 (5th Cir. 2004)).
[4] *See* 28 U.S.C. § 1332.
[5] Stiftung v. Plains Mktg., L.P.*,* 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[6] McClaughlin v. Miss. Power Co.*,* 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[7] *See* Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

Defendant must "distinctly and affirmatively allege [ ] the citizenship of the parties."[8]

The manner in which a court determines the citizenship of juridical persons varies. A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located.[9] Non-corporate entities, however, do not acquire state citizenship independent of the entity's owners.[10] Therefore, in order for a Court to determine the citizenship of an unincorporated association, such as a partnership, it must look to the citizenship of all the partners.[11] Similarly, the "citizenship of a LLC is determined by the citizenship of all of its members."[12] Accordingly, Defendant "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction."[13]

Defendant Jamjomar has failed to adequately plead the citizenship of itself. Defendant alleges that Jamjomar is a limited liability company, but neither identifies its members nor alleges their citizenship. Accordingly, the Court is unable to properly determine the citizenship of Defendant.

---

[8] Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

[9] 28 U.S.C. § 1332(c)(1).

[10] Carden v. Arkoma Assoc., 494 U.S. 185, 188–89 (1990).

[11] *Id.* at 195–96.

[12] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

[13] Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of La., Inc., No. 07-3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also* Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); Toney v. Knauf Gips KG, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

## CONCLUSION

Because Defendant's Notice of Removal fails to adequately allege jurisdiction, the Court ORDERS that Defendant amend its Notice of Removal within 20 days of the entry of this Order to properly allege jurisdiction or the case will be remanded for lack of subject matter jurisdiction.

New Orleans, Louisiana this 2nd day of May, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**